UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | Criminal Action No. 93-165-01 (RCL) |
| v. | ) | |
| | ) | |
| DWAYNE R. PEYTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM & ORDER

### I.   INTRODUCTION

Defendant Dwayne Peyton's motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence

based on amendments to the United States Sentencing Guidelines is before this Court.  Upon

consideration of the motion, the government's opposition, applicable law, and the entire record

herein, the motion will be DENIED.

### II.   FACTUAL AND PROCEDURAL BACKGROUND

On April 22, 1993, Peyton was charged in a four-count indictment with the following

offenses: 1) Unlawful Distribution of 50 Grams or More of Cocaine Base, in violation of 21

U.S.C. § 841(a)(1) and (b)(1)(A)(iii) (Counts One and Three); 2) Unlawful Distribution of

Cocaine Base Within 1,000 Feet of a School, in violation of 21 U.S.C. § 860(a) (Counts Two and

Four).

On June 25, 1993, a Superceding Information was filed, charging defendant with 1)

Conspiracy for Possession and Distribution of Cocaine Base, in violation of 18 U.S.C. § 371; and

2) Using and Carrying a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. §

924(c). Three days later, defendant entered a plea of guilty to the Superceding Information absent a plea agreement, and was ordered by the Hon. Charles Richey on September 13, 1996 to serve concurrent terms of 60 months' incarceration pursuant to the statutory maximum terms of imprisonment for both offenses. At the time of sentencing, Peyton's guideline sentence range was 168 to 210 months. However, because the statutory maximum sentence for the offence of conviction was 60 months, Peyton was sentenced to 60 months, which became his "guideline range." *See* U.S.S.G. § 5G1.1(a).

In 1996, the court vacated Peyton's guilty pleas and sentences. Following a series of filings of Superceding Indictments, Peyton was finally charged with Conspiracy to Possess and Distribute 50 Grams or More of Cocaine Base, in violation of 18 U.S.C. § 371 (Count One), and Use of a Communication Facility to Commit or Facilitate Drug Distribution, in violation of 21 U.S.C. § 843(b) (Count Two). On June 18, 1993, defendant entered pleas of guilty to both counts and was ordered to serve 60 months incarceration on Count One and 30 months incarceration on Count Two to be served consecutively with each other, in addition to two three-year terms of supervised release to be served concurrently and a special assessment of costs for both offenses. As in 1993, Peyton was sentenced to 60 months on Count One based on the statutory maximum sentence. The following day, Peyton was sentenced to a term of 26 years, 8 months to life imprisonment in Superior Court for a conviction of first degree murder.

Effective November 1, 2007, the United States Sentencing Commission amended the Guidelines to provide for a two level reduction in the base offense level for crack cocaine offenses. U.S.S.G. App. C, Amend. 706 (Supp. 2007). Later, Amendment 713 made the reduction retroactively applicable. U.S.S.G. App. C, Amend. 713 (Supp. 2008). On August 3,

2009, defendant filed his Motion to Reduce Sentence, requesting that his sentence be reduced to 60 month's imprisonment, to be served concurrently with his Superior Court sentence. For the reasons that follow, defendant's motion will be denied.

## III.    ANALYSIS

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may not modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule provides that:

> [I]in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Amendment 706 provides for such a reduction. However, Peyton is unable to avail himself of this reduction because § 3582(c)(2) does not authorize a sentence reduction if the relevant amendment "does not have the effect of lowering the defendant's applicable guideline range." *United States. v. Moore*, 541 F.3d 1323 (11th Cit. 2008), *cert denied*, 129 S. Ct. 965 (2009). *See also United States v. Thomas*, 524 F.3d 889, 890 (8th Cir. 2008) (per curiam); *United States v. Williams*, 551 F.3d 182, 185-86 (2nd Cir. 2009); *United States v. Sharkley*, 543 F.3d 1236, 1238-39 (10th Cir. 2008); *United States v. Nabried*, 310 Fed. Appx. 529, 532 (3rd Cir. 2009); *United States v. Poole*, 550 F.3d 676, 679 (7th Cir. 2008); *see also United States v. Liddell*, 543 F.3d 877, 882 n.3 (7th Cir. 2008) (stating same in dicta). Although Peyton's original drug quantity-driven sentencing range was 168 to 210 months' incarceration, he faced a

60-month statutory maximum, which became his guideline range. U.S.S.G. § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence.")

A two-level decrease based on drug quantity would result in a sentencing range of 135 to 168 months imprisonment (offense level 30, criminal history category IV). However, the result of Peyton's newly calculated guideline range would still be limited by U.S.S.G. § 5G1.1(a) and would remain unchanged at 60 months. Peyton is thus not entitled to a reduction under Amendment 706. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."). In other words, Peyton was not sentenced "based on a sentencing range that has subsequently been lowered" and thus fails to meet § 3582(c)'s threshold requirement for relief.

This position is consistent with U.S.S.G. § 1B.10(a), the applicable Sentencing Commission policy statement, which provides that a court may reduce a defendant's sentence so long as the reduction is consistent with the policy statement. Reducing a defendant's sentence is *not* consistent with the policy statement if none of the amendments listed in § 3582(c)(2) apply to the defendant, or an amendment listed therein "does not have the effect of lowering the defendant's applicable guideline range." *United States v. Martinez*, 572 F. 3d 82, 86 (2nd Cir. 2009) (citing U.S.S.G. § 1B1.10(a)). Accordingly, Peyton's request for concurrent sentencing with his Superior Court case is not supported by § 3582(c).

IV.  **CONCLUSION AND ORDER**

The Court did not apply the guidelines range that corresponded to the amount of crack cocaine involved. Instead, it applied the guidelines range of 60 months, the statutory maximum for Peyton's offense, as required by the Sentencing Guidelines.  A reduction in the defendant's term of imprisonment is not consistent with the policy statements of the Sentencing Commission and therefore is not authorized under 18 U.S.C. § 3582(c)(2).  Accordingly, it is hereby

ORDERED that defendant's motion are denied.

SO ORDERED.

_____          _____
Chief Judge Royce C. Lamberth                                  Date